IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART SMITH,** | : | **CIVIL NO. 1:17-CV-2264** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **LAUREL HARRY,** *et al.*, | : | |
| Respondents | : | |

# MEMORANDUM

Petitioner Stewart Smith ("Smith"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges the denial of his reparole by the Pennsylvania Board of Probation and Parole (the "Board"). (*Id.*). The petition is ripe for disposition and, for the reasons that follow, the court will deny it.

**I.     Background**

On September 18, 1998, Smith was sentenced to a term of imprisonment of 6 to 20 years for committing the crime of burglary. (Doc. 17-1 at 7-10, Sentence Status Summary). Smith's dates of incarceration were calculated by the Department of Corrections as follows: minimum sentence – May 3, 2004 and maximum sentence – May 4, 2018. (Id. at 7).

On November 13, 2006, the Board released Smith on parole to a residential drug and alcohol treatment program. (Doc. 17-1 at 2-5, Declaration of John J. Talaber, Board Secretary, ¶ 6). On August 20, 2007, the Board recommitted Smith as a technical parole violator for violating multiple conditions of his parole. (Id. at ¶

7). The Board recalculated Smith's maximum sentence date to May 13, 2018, with added delinquency time. (Id. at ¶ 8).

On July 2, 2009, the Board reparoled Smith to a specialized Community Corrections Center. (Id. at ¶ 9). On May 11, 2010, the Board recommitted Smith as a technical parole violator for violating multiple conditions of his parole. (Id. at ¶ 10). On June 7, 2011, the Board recommitted Smith as a convicted parole violator for being convicted of the crimes of possession of a controlled substance, resisting arrest, and use/possession of drug paraphernalia. (Id. at ¶ 11). The Board recalculated Smith's maximum sentence date to July 9, 2020. (Id. at ¶ 12)

On April 26, 2012, the Board released Smith on reparole to a specialized Community Corrections Center. (Id. at ¶ 13). On April 26, 2013, Smith was arrested and charged with rape, indecent assault, sexual assault, simple assault, and unlawful restraint. (Id. at ¶ 14). The Board recommitted Smith as a technical parole violator for violating multiple conditions of his parole. (Id. at ¶¶ 15, 16). On July 29, 2014, Smith was sentenced to a term of imprisonment of 7 to 14 years for committing the crimes of sexual assault, indecent assault, and simple assault. (Id. at ¶ 17). The Board recalculated Smith's maximum sentence date to September 20, 2022, to account for forfeiture of his time while at liberty on parole. (Id. at ¶ 18).

On October 24, 2016, the Board again denied Smith reparole. (Doc. 17-1 at 60-61, Notice of Board Decision dated October 24, 2016). The following factors were invoked by the Board to deny Smith reparole: (1) risk and needs assessment indicating Smith's level of risk to the community; (2) the negative recommendation

2

made by the Department of Corrections; (3) Smith's prior unsatisfactory parole supervision history; and, (4) reports, evaluations and assessments/level of risk indicates Smith's risk to the community. (Id.)

Smith's most recent denial of reparole occurred on July 18, 2017. (Id. at 63-64, Notice of Board Decision dated July 18, 2017). The Board denied Smith reparole for the following reasons: (1) Smith's need to participate in and complete additional institutional programs; and, (2) the negative recommendation made by the Department of Corrections. (Id.)

## II. Discussion

In the habeas petition, Smith argues that the Board's repeated reparole denials amount to a violation of his right to due process. (Doc. 1).

### A. Exhaustion

Respondents note that the Third Circuit held in Defoy v. McCullough, 393 F.3d 439 (3d Cir. 2005), cert. denied, 125 S. Ct. 2970 (2005), that a state prisoner challenging the denial of parole on constitutional grounds, other than a violation of the *ex post facto* clause, is not required to exhaust state court remedies before pursuing federal habeas review. (Doc. 18 at 6 n.2). Nevertheless, Respondents seek to preserve the issue for appellate review, suggesting that the petition should be dismissed because Smith did not present his claims to a Pennsylvania court before filing his federal habeas petition. (Id.)

A federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999). The exhaustion

3

doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. Id.; Barnhart v. Kyler, 318 F. Supp. 2d 250, 256 (M.D. Pa. 2004). All claims must have been fairly presented to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The habeas petitioner bears the burden of proving exhaustion of all available state remedies. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

The failure of a petitioner to "fairly present" federal claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir.), cert. denied, 537 U.S. 897 (2002). The reason for this doctrine is that a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Thus, "federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he has fairly presented his claims to the state courts." Cristin, 281 F.3d at 410.

A state prisoner challenging the denial of parole on constitutional grounds, other than for violation of the *ex post facto* clause, is not required to exhaust state court remedies before pursuing federal habeas review. Defoy, 393 F.3d 439. Thus, Smith was not required to first raise his claims of constitutional violations related to the denial of reparole in the state courts.

4

**B.     Merits**

It is well-established that "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Nor does he have any right based upon Pennsylvania law to parole. See Weaver v. Pennsylvania Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Cmwlth. 1997) (finding that under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired). See also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (parole is not a constitutionally protected liberty interest under Pennsylvania law); Rauso v. Vaughn, 79 F. Supp. 2d 550, 552 (E.D. Pa. 2000); Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319 (1999). While "states may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472 (1995), the Pennsylvania Supreme Court has long held that the denial of parole does not implicate a constitutionally protected liberty interest because parole is a discretionary matter, granted to a prisoner who has demonstrated the ability to function in society as a law-abiding citizen. Coady, 770 A.2d at 287; Rogers, 555 Pa. 285, 724 A.2d 319. Thus, an inmate has no right to parole.

A federal court's review of a state parole board decision is limited to an abuse of discretion inquiry. Block v. Potter, 631 F.2d 233, 235 (3d Cir. 1980). Specifically, the state may not deny parole on unconstitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights. Morrissey

5

v. Brewer, 408 U.S. 471 (1972).  "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion."  Block, 631 F.2d at 237.  The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking."  Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002); see also Evans v. Secretary, Pa. Dep't of Corrs., 645 F.3d 650, 659 (3d Cir. 2011).

Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole.  See 61 Pa.C.S. § 6137.  The law authorizes the Board, in its discretion, to consider various factors in granting or denying parole.  See 61 Pa.C.S. § 6135.  Pennsylvania courts have affirmed the Board's complete discretion to parole a convict.  See, e.g., Rogers, 724 A.2d at 319; Reider v. Commw. Pa. Bd. of Prob. & Parole, 100 Pa. Cmwlth. 333, 514 A.2d 967, 971 (Pa. Cmwlth. Ct. 1986).  More importantly, for purposes of the instant matter, "[f]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady, 251 F.3d at 487.

Smith specifically challenges the Board's denial of reparole on July 18, 2017.[1] In its July 18, 2017, Notice of Board Decision, the Board advised Smith that he was denied reparole for the following reasons:

- You need to participate in and complete additional institutional programs.

- The negative recommendation by the Department of Corrections.

(Doc. 17-1 at 63-64, Notice of Board Decision dated July 18, 2017).

The Board further noted that at Smith's next interview, the Board would review Smith's file and consider:

- Whether you have successfully participated in and completed a treatment program for sex offenders.

- Whether you have received a favorable recommendation for parole from the Department of Corrections.

- Whether you have maintained a clear conduct record.

(Id.)

Smith has not established that the July 18, 2017 denial of reparole constituted an unreasonable exercise of the Board's discretion. Rather, Smith merely disagrees with the Board's decision and the criteria upon which the Board relied to deny parole. Such a challenge to the Parole Board's administrative decision to deny

---

[1] The Board issued its most recent decision to deny reparole on July 18, 2017. Therefore, to the extent that Smith challenges the Board's October 24, 2016 decision, this claim has been rendered moot. See Coles v. Folino, No. 12-238, 2014 WL 5685547, at *2 (W.D. Pa. Nov. 4, 2014) ("[A]n earlier parole decision is rendered moot by a subsequent parole decision.") (citing Wolfe v. Diugielmo, No. 06-5261, 2008 WL 544645, at *6 (E.D. Pa. Feb. 28, 2008)); see also Alex v. Gavin, No. 14-261, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015). As such, the court will only address Smith's challenge to the July 18, 2017 denial of reparole.

reparole release is unavailing.  See 61 Pa. C.S. § 6137 (granting the Parole Board vast discretion to refuse or deny parole); McGinnis v. Royster, 410 U.S. 263, 277 (1973) (it is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole.").  The record reflects that the Board based its reparole determination on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. § 6135.[2]

Smith has not demonstrated that any of the factors considered by the Board shock the conscience, or that such factors constitute behavior intended to injure him in a way that is not justified by any legitimate government interest.  See Prevet v. Barone, 428 F. App'x 218, 220 (3d Cir. 2011) (DOC's negative recommendation is a legitimate penological concern); Gordon v. Wenerowicz, 2011 WL 5509538, at *4 (M.D. Pa. Nov. 10, 2011) (denying parole because petitioner poses a risk to the community is not "conscience shocking").  The Board's decision denying reparole was rendered before Smith filed the instant habeas petition.  Thus, the decision to deny reparole was in no way rendered in retaliation for filing this federal habeas petition.  Smith has clearly failed to meet his burden of demonstrating that the Board abused its discretion and the court will deny the instant habeas petition.

---

[2] Under 61 Pa. C.S. § 6135, the Board must evaluate, among other factors: (1) the nature and circumstances of the offense, (2) any recommendations made by the trial judge and prosecuting attorney, (3) the general character and background of the inmate, (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed, and (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a certificate of appealability.

### IV. Conclusion

Based on the foregoing discussion, the petition for writ of habeas corpus will be denied. A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 7, 2019